IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSIE DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-00612-M |
| | § | |
| HMG IRVING SNF, LP, et al., | § | |
| | § | |
| Defendants. | § | |

**PARTIES' JOINT REPORT OF CONFERENCE AND
PROPOSAL FOR CONTENTS OF SCHEDULING ORDER**

Pursuant to this Court's Order and Rule 26 of the FEDERAL RULES OF CIVIL PROCEDURE, the Parties make and file this Joint Report of Conference and Proposal for Contents of Scheduling Order, and would respectfully show this honorable Court the following:

**I.**

**STATUS REPORT ON SETTLEMENT NEGOTIATIONS**

The Parties have begun informal settlement negotiations and will continue the negotiation process as this case proceeds.

**II.**

**SCHEDULING AND DISCOVERY ORDER PROPOSAL**

1. **A brief statement of the claims and defenses.**

Plaintiffs initially filed this lawsuit in state court in the 192nd Judicial District Court of Dallas County, Texas on September 23, 2020, styled *Rosie Davis, Individually and as Representative of the Estate of Mary Castro v. HMG Irving SNF, LP d/b/a Northgate Plaza*

*Nursing & Rehabilitation Center; HMG Partners I, LLC; Irving Long Term Care, LLC d/b/a Las Brisas Rehab. and Wellness Suites; and THI of Texas, LLC,* Cause No. DC-20-12843 ("State Court Action"). On March 17, 2021, Northgate filed a notice of removal to cause the removal of the lawsuit to the United States District Court for the Northern District of Texas, Dallas Division. [Dkt. 1]. Northgate subsequently filed a Notice of Filing Notice of Removal in the State Court Action.

**Plaintiffs' Allegations:** In the petition, Plaintiffs seek to recover damages for the pain and suffering, and ultimately, death of Mary Castro. According to the petition, Ms. Castro was a resident at Las Brisas from May 2019 through January 2020, where sustained serious injuries in the form of hypothyroidism which resulted from Las Brisas's failure to provide her with her thyroid medication.

Ms. Castro then moved to Northgate in March 2020, where she developed COVID-19 related pneumonia. Plaintiffs allege that Ms. Castro tested positive for COVID-19 and passed away on May 17, 2020. Plaintiffs allege that Defendants were negligent in their care and treatment of Ms. Castro, and their negligence was the proximate cause of Mary Castro's death and Plaintiffs' damages.

As to Northgate's defenses, the Plaintiffs do not agree that the Northgate Defenses, as a matter of law, are subject to the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020). Plaintiffs challenge both the defense itself and the removal to this court as improper.

**Defendants' Allegations:** Defendants deny each and every, all and singular, the material allegations in Plaintiffs' petition.

Northgate alleges the action is removable under 28 USCA § 1441(a) on the basis of original jurisdiction because Plaintiffs' claims arise under federal law within the meaning of § 1331. Specifically, Plaintiffs' claims fall under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020). Under the Act, a "covered person" is afforded broad immunity for all "claims for loss arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure" as those terms are defined, so long as the Secretary of the Department of Health and Human Services (HHS) issues a declaration to that effect. 42 U.S.C.A. § 247d-6d(a). As it relates to the COVID-19 pandemic, the HHS issued a Declaration on March 10, 2020 providing immunity for "recommended activities" including the distribution, administration and use of COVID-19 countermeasures. Northgate argues that Plaintiffs' health care liability claim against Defendants is completely preempted by the PREP Act because the allegations reflect that a "covered person" was involved in a "recommended activity" relative to a "covered countermeasure" and, thus, a federal question exists under the PREP Act, 42 USCA §§ 247d-6d, 247d-6e.

Defendants Las Brisas Rehab and THI of Texas, LLC allege that Plaintiff's injuries were not proximately caused by the negligence of Defendants; were the result, in whole or in part, of one or more pre-existing medical conditions or third parties over which Defendants have no control; and that no act or omission attributable to Defendants constitute a proximate cause of any injury and/or damage to Plaintiffs. Defendants further assert that their liability, is limited by Section 74.301, et seq. of the Texas Civl Practice and Remedies Code and any damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code. Furthermore, Defendant asserts the limitation of recovery of damages pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code. Defendants refer to their Original Answers.

2. **A proposed time limit to file motions for leave to join other parties.**

    December 10, 2021.

3. **A proposed time limit to amend pleadings.**

    December 10, 2021.

4. **Proposed time limits to file various types of motions, including dispositive motions. (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days).**

    April 8, 2022.

5. **A proposed time limit for initial designation of experts.**

    Plaintiff will be able to designate experts and provide the reports by January 14, 2022.

    Defendants will be able to designate responsive experts and provide their reports by February 11, 2022.

6. **A proposed time limit for responsive designations of experts.**

    All designations of rebuttal experts shall be designated by February 25, 2021.

7. **A proposed time limit for objections to experts (i.e. *Daubert* and similar motions).**

    June 17, 2022.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

    Discovery is needed on the facts surrounding the incident, including Plaintiff's medical treatment, medical condition, pre-existing conditions and/or alternative mechanisms of injury, as well as Defendants' policies and procedures, training and supervision, and COVID-19 protocols. The Parties anticipate conducting written discovery, depositions of fact witnesses, and depositions of expert witnesses. The Parties do not wish to conduct discovery in phases or limit to particular issues. The Parties agree to complete discovery by June 10, 2022.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

    None.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

    The Parties do not anticipate the need for discovery of ESI and they do not currently predict any disputes regarding same.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

    No limitations for discovery are anticipated at this time. The Parties will meet and confer in good faith on any protective order should the need arise during discovery.

12. **A proposed trial date, estimated number of days required for trial and whether jury has been demanded.**

    Trial Date:         On or after October 3, 2022;

    Time Required:      2 weeks;

    Jury Demanded:      Yes.

13. **A proposed date for further settlement negotiations.**

    The Parties agree that we will mediate this case by April 15, 2022.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

    The Parties have agreed to complete the initial disclosures on or before May 7, 2021. To date, the Parties have not made initial disclosures.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Irma C. Ramirez.**

    The Parties do not consent to proceed before a U.S. Magistrate Judge

**16. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties agree to mediation at the close of discovery, and the Parties agree to mediate with Michael Penick.

**17. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

The Parties do not have any additional proposals at this time.

**18. Whether a conference with the Court is desired.**

The Parties do not desire a conference with the Court at this time.

**19. Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None.

*[Signatures on following page]*


Dated: April 13, 2021

        Respectfully submitted,

        **COOPER & SCULLY, P.C.**

By:   */s/ Eric W. Hines*
       **ERIC W. HINES**
       Texas Bar No. 24010107
       Eric.Hines@cooperscully.com
       **CHAD M. NELSON**
       Texas Bar No. 24102930
       Chad.Nelson@cooperscully.com

       900 Jackson Street, Suite 100
       Dallas, Texas  75202

Telephone: 214-712-9500
Facsimile: 214-712-9540

**Attorneys for Defendants HMG Irving SNF, LP d/b/a Northgate Plaza Nursing & Rehabilitation Center and HMG Partners I, LLC**

**THE CLINESMITH FIRM**

/s/ Paul J. Downey
Paul J. Downey
Texas Bar No. 24080659
Jacob N. Runyon
Texas Bar No. 24083771
325 N. St. Paul St. #2900
Dallas, Texas 75201
Tel. 972-677-7764
Fax. 214-953-1901
paul@clinesmithfirm.com
clinesmith@clinesmithfirm.com
**ATTORNEYS FOR ROSIE DAVIS**

**And**

/s/Taylor O. Reed
Arlene Wiese, Esq.
Texas State Bar no. 24051998
Arlene.Wiese@fundltc.com
Fundamental Administrative Services, LLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
(469) 525-0300

WILSON ELSER MOSKOWITZ EDELMAN & DICKER. LLP
Lori D. Proctor
State Bar No. 16682400
Lori.Proctor@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000 – Telephone
(713) 785-7780 – Facsimile

Taylor O. Reed

        State Bar No. 24101958
        Taylor.Reed@wilsonelser.com
        901 Main Street, Suite 4800
        Dallas, Texas 75202
        (214) 698-8000 – Telephone
        (214) 698-1101 – Facsimile

**ATTORNEYS FOR DEFENDANTS IRVING LONG TERM CARE LLC D/B/A LAS BRISAS REHABILITATION AND WELLNESS SUITES AND THI OF TEXAS, LLC**